# In the United States Court of Federal Claims

No. 23-634C
(Filed: October 10, 2023)
**NOT FOR PUBLICATION**

```
*****************************************
JACQUELINE M. STANWOOD,         *
                                *
              Plaintiff,        *
                                *
v.                              *
                                *
THE UNITED STATES,              *
                                *
              Defendant.        *
                                *
*****************************************
```

## ORDER

      Ms. Jacqueline Stanwood, proceeding *pro se*, filed this civil action against the United States of America. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees—a $350.00 filing fee plus a $52.00 administrative fee—or request authorization to proceed without prepayment of fees by submitting a signed application to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. §§ 1914, 1915.

      Ms. Stanwood submitted her complaint without the filing fees or a completed IFP application. She submitted a partial IFP application that omitted necessary information. *See* IFP Application (ECF 2). In an order dated August 22, 2023, this Court ordered Ms. Stanwood to either pay the $402.00 in required fees or submit a complete IFP application within thirty days. *See* Order (ECF 10). To date, Ms. Stanwood has failed to comply with this Court's order.

      This Court may dismiss a case for failure to prosecute when the plaintiff "fails … to comply with these rules or a court order." RCFC 41(b). Here, Plaintiff's failure to comply with an order directing her to pay the filing fee or establish grounds for proceeding *in forma pauperis* justifies dismissal. *See, e.g., Bryant v. United States*, 618 F. App'x 683, 686 (Fed. Cir. 2015) ("If a party fails to pay the requisite filing fee, despite adequate notice and ample opportunity to do so, the Claims Court acts within its discretion when it dismisses the action.").

      Ms. Stanwood has also failed to respond to the government's motion to dismiss, despite this Court's order that she provide a response. *See* Motion (ECF 9); *see also* Order (ECF 10). This Court may only hear claims against the United States. *See Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Ms. Stanwood's pleadings fail to describe any claim against the United States. Dismissal without prejudice is

- 2 -

appropriate for that reason as well. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996).

  As a result, this action is dismissed for lack of jurisdiction and, in the alternative, for failure to prosecute under Rule 41 of the Rules of the United States Court of Federal Claims. The motion to dismiss is **GRANTED**. Plaintiff's incomplete IFP application (ECF 2) is **DENIED AS MOOT**.

  The Clerk is directed to enter judgment accordingly.

  **IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
